**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, BOARD OF TRUSTEES, INTERNATIONAL TRAINING INSTITUTE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY, BOARD OF TRUSTEES, SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION SCHOLARSHIP FUND BOARD OF TRUSTEES, SHEET METAL OCCUPATIONAL HEALTH INSTITUTE TRUST, BOARD OF TRUSTEES, NATIONAL ENERGY MANAGEMENT INSTITUTE COMMITTEE<br><br>8403 Arlington Boulevard<br>Fairfax, Virginia 22031<br><br> Plaintiffs,<br><br> v.<br><br>OPTIMUM MECHANICAL SERVICES, INC.<br><br>3030 Centerville Road<br>Little Canada, MN 55117<br><br> Defendant. | CIVIL ACTION NO. 1:19-cv-952<br><br><br>**Additional Required Service under 29 U.S.C. § 1132(h) to:**<br><br>**U.S. Department of Labor**<br>**Attn: Assistant Solicitor**<br>** for Plan Benefits Security**<br>**200 Constitution Ave., N.W.**<br>**Washington, DC 20002**<br><br>**U.S. Department of Treasury**<br>**Attn: Secretary of the Treasury**<br>**1500 Pennsylvania Avenue, NW**<br>**Washington, D.C. 20220** |

**COMPLAINT**

Plaintiffs, the separate and individual Boards of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Sheet Metal Workers' International Association Scholarship Fund ("Scholarship Fund"), the Sheet Metal Occupational Health Institute Trust ("SMOHIT"),

1

and the National Energy Management Institute Committee ("NEMIC" and together with NPF, ITI, Scholarship Fund, and SMOHIT, referred to as "the Funds"), hereby complain as follows:

## Introduction

1. This is a civil action brought by employee benefit plans/trust funds or joint labor management organizations, and by the Trustees of the Funds, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, *as amended* ("LMRA"), 29 U.S.C. § 185. The Funds seek a monetary judgment against Defendant awarding delinquent contributions, accrued interest, liquidated damages, audit fees, and attorneys' fees and costs, through the date of judgment, as well as those amounts that become due and owing through the date of judgment, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the collective bargaining agreement, and the Trust Document governing the Funds.

## Jurisdiction and Venue

1. Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

2. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(c), as the Plaintiff Funds are administered in this district with their principal place of business in Fairfax, Virginia.

3. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this Complaint will be served upon the Secretary of United States Department of Labor and the

Secretary of the United States Department of the Treasury by certified mail on or about the date of filing.

**Parties**

4.          Plaintiff Board of Trustees, Sheet Metal Workers' National Pension Fund ("NPF") is the collective name of the trustees of the Sheet Metal Workers' National Pension Fund. The NPF is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The NPF is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trustees of the NPF are duly authorized Trustees whose duty it is to administer the NPF for the benefit of the participants and beneficiaries of the NPF. The Trustees are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually or jointly referred to as "NPF" in this Complaint. The NPF is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

5.          Plaintiff Board of Trustees, International Training Institute of the Sheet Metal and Air Conditioning Industry ("ITI") is the collective name of the trustees of the International Training Institute of the Sheet Metal and Air Conditioning Industry. ITI is an employee welfare benefit plan within the meaning of Sections 3(1) and (3) of ERISA, 29 U.S.C. §§ 1002(1), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing apprenticeship training and educational

benefits to eligible employees. ITI is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(6) of the LMRA, 29 U.S.C. § 186(c)(6). The Trustees of ITI are duly authorized Trustees whose duty it is to administer the plan for the benefit of the participants and beneficiaries of ITI. The Trustees of ITI are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually and jointly referred to as "ITI" in this Complaint. ITI is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

6.     Plaintiff Board of Trustees, Sheet Metal Workers' International Association Scholarship Fund ("Scholarship Fund") is the collective name of the Sheet Metal Workers' International Association Scholarship Fund. The Scholarship Fund is an employee welfare benefit plan within the meaning of Sections 3(1) and (3) of ERISA, 29 U.S.C. §§ 1002(1), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing funded scholarship benefits.  The Scholarship Fund is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trustees of the Scholarship Fund are duly authorized Trustees whose duty it is to administer the Scholarship Fund for the benefit of the participants and beneficiaries of the Scholarship Fund. The Trustees of the Scholarship Fund are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are

individually and jointly referred to as the "Scholarship Fund" in this Complaint. The Scholarship Fund is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

7.      Plaintiff Board of Trustees, Sheet Metal Occupational Health Institute Trust ("SMOHIT") is collectively the name of the trustees of the Sheet Metal Occupational Health Institute Trust. SMOHIT a jointly labor-management health and safety organization serving the sheet metal industry established under Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The trust and its trustees are individually and jointly referred to as "SMOHIT" in this Complaint. SMOHIT is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

8.      Plaintiff Board of Trustees, National Energy Management Institute Committee ("NEMIC") is the collective name of the trustees of the National Energy Management Institute Committee. NEMIC is a labor management committee established pursuant to Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), that is funded by contributions under various collective bargaining agreements. The committee and its trustees are jointly and severally referred to as "NEMIC" in this Complaint. NEMIC is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

9.      The Trustees of the Plaintiff Funds bring this action in their collective names or, as necessary or appropriate, in the name of the respective trusts or plans, and their participants, and beneficiaries pursuant to Federal Rule of Civil Procedure 17.

10.      At all times relevant to this action, Defendant Optimum Mechanical Systems, Inc. ("Optimum"), has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Upon information and belief, at all times relevant to this action, Defendant has been incorporated in the

state of Minnesota with a principal place of business at 3030 Centerville Road, Little Canada, MN

55117.

## **Factual Background**

11.     At all times relevant to this action, Defendant employed employees represented for

the purposes of collective bargaining by the International Association of Sheet Metal, Air, Rail

and Transportation Union (formerly known as the Sheet Metal Workers' International

Association), Local Union 10 ("Local 10" or the "Union"), a labor organization representing

employees in an industry affecting interstate commerce.

12.     At all times relevant to this action, Defendant was signatory to, and bound by, a

collective bargaining agreement ("Agreement" or "CBA") with the Union. Pursuant to the

Agreement, Defendant is obligated to submit monthly remittance reports and fringe benefit

contributions to NPF, ITI, the Scholarship Fund, SMOHIT, and NEMIC for all hours worked or

paid on behalf of Defendant's covered employees within the jurisdiction of Local 10.

13.     Pursuant to the Agreement, Defendant is obligated to abide by the terms and

conditions of the Trust Agreements establishing the Funds, including any amendments thereto and

policies and procedures adopted by the Boards of Trustees ("Trust Agreement").

14.     Payments due to the Funds are calculated separately for each Fund on remittance

reports required to be prepared monthly by each contributing employer. This is a self-reporting

system and the Funds rely on the honesty and accuracy of the employers in reporting hours worked

and paid, and in reporting the contributions owed for work by employees.

15.     Without the information contained in the remittance reports, the Funds cannot

determine the entire amount of the monthly contributions due to the Funds or the employees'

eligibility for benefits.

16.     The completed remittance reports and accompanying contribution payments must

be submitted to the Funds no later than the twentieth (20th) day after the end of each month during

which covered work was performed and are delinquent if received thereafter.

17.     Article V, Section 3 of the governing Trust Agreement and Section V of NPF's

Procedures for the Collection of Contributions both provide that the Funds may audit a

contributing employer for the purposes of assuring the accuracy of reports and ensuring that such

employer has remitted the appropriate amount of contributions to the Funds.

18.     Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the CBA,

the Trust Agreement, and Section 301 of the LMRA, 29 U.S.C. § 185, if Defendant fails to timely

submit the contractually required remittance reports and contribution payments, and the Funds file

a lawsuit to recover the unpaid contributions, Optimum is required to pay the following amounts

to the Funds:

a.     Interest on the delinquent contributions at a rate of .0233% per day,

compounded daily;

b.     Liquidated damages equal to the greater of: fifty dollars ($50.00) or ten

percent (10%) of the contributions due for each month of contributions that the Company fails to

pay within 30 days after the due date, but pays before any lawsuit is filed;

c.     Liquidated damages equal to the greater of interest on the delinquent

contributions at the above rate or liquidated damages equal to twenty percent (20%) of the

delinquent contributions owed upon commencement of litigation; and

d.     The attorneys' fees and costs incurred by the Funds in pursuing the

delinquent amounts, including the attorneys' fees and costs in this action.

19.     For the months of January 2014 through December 2018, Optimum employed employees within the jurisdiction of Local 10 for whom contributions were owed to the Funds and failed to make all the required contributions, despite its obligation to do so under the CBA, Trust Agreement, Section 515 of ERISA, 29 U.S.C. § 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

## Count I - Audit Amounts Owed

20.     Plaintiffs reallege and incorporate Paragraphs 1 through 19.

21.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

22.     Defendant is obligated, under the terms of the Agreement, to provide contributions to the Funds on behalf of its covered employees. Defendant has failed and refused to fulfill its contractual obligations for owed contributions and resulting interest and liquidated damages as demonstrated by two payroll audits conducted on Defendant by the Funds for the period of January 2014 through December 2016 and January 2017 through December 2018, respectively. The audits revealed that Defendant owes contributions, interest, and liquidated damages to the Funds. While contributions remain unpaid, interest continues to accrue on these delinquent contributions and audit fees have been assessed pursuant to the Funds' governing documents.

23.     The audits revealed that Optimum owes contributions in the amount of $17,429.43 for the period of January 2014 through December 2018. In addition to the contribution amounts found due, Optimum owes $2,263.07 in interest, $3,485.89 in liquidated damages, and $1,509.50 in audit testing fees. In total, Optimum owes $24,687.89 to the Funds for unpaid contributions, interest, late fees, and testing fees pursuant to the audits.

24.     Under Section 502(g) of ERISA, 29 U.S.C. § 1132(g), Plaintiffs are entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

25.     Prior to commencing this lawsuit, the Funds sent letters and attempted to directly contact Defendant to obtain the outstanding contributions and reports from Defendant. Defendant has not responded to the Funds' correspondence.

26.     Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Funds, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same

### Count II - Late Paid Contributions

27.     Plaintiffs reallege and incorporate Paragraphs 1 through 26.

28.     This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

29.     Defendant is obligated, under the terms of the CBA, to provide remittance reports and contributions to the Funds on behalf of the Defendant's employees. Pursuant to the CBAs and Defendant's agreement to be bound by the Trust Agreement, Defendant is also obligated to pay interest and liquidated damages for the late payment of such contributions. Optimum late paid contributions for certain months between October 2014 and December 2018 incurring interest in the amount of $174.82 and liquidated damages in the amount of $1,782.51.

30.     By failing to timely pay contributions, Defendant is in breach of contract and owes interest and liquidated damages on any unpaid or late paid contributions.

31.     Plaintiffs, as third-party beneficiaries to the CBA between Defendant and the Union, are entitled to recover owed interest and liquidated damages in the amount of $1,957.33 for Defendant's breach of contract.

32.     Defendant is also liable to the Funds for the interest due on the late paid contributions pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

33.     Pursuant to statute, the CBAs and Defendant's agreement to be bound by the Trust Agreement, Plaintiffs are also entitled to attorneys' fees and costs.

**WHEREFORE**, Plaintiffs request a judgment against Defendant for all amounts due to the Funds as follows:

1.     Declare that Defendant is delinquent in remitting owed contributions to the Funds pursuant to the Agreement;

2.     Award Plaintiffs on behalf of the Funds a judgment for Defendant's delinquent contributions found to be due by the audits for the period of January 2014 through December 2018 in the total amount of $17,429.43;

3.     Enter judgment against Defendant for interest on all delinquent contributions at a rate of 0.0233% per day, compounded daily, from the date due until the date paid or the date of the judgment in the amount of at least $2,263.07;

4.     Enter judgment against Defendant for liquidated damages owed on all delinquent contributions in an amount equal to the greater of interest on the delinquent contributions calculated at the above rate, or 20% of the delinquent contributions in the amount of $3,485.89;

5.     Enter judgment against Defendant for audit fees in the amount of $1,509.50;

6.      Enter judgment against Defendant for interest on all late paid contributions at a rate of 0.0233% per day, compounded daily, from the date due until the date paid in the amount of $174.82;

7.      Enter judgment against Defendant for liquidated damages on all late paid contributions equal to the greater of: fifty dollars ($50.00) or ten percent (10%) of the contributions due for each month of contributions that the Defendant failed to pay within 30 days after the due date, but paid before the instant lawsuit was filed in the amount of $1,782.51;

8.      Enter judgment for all attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts as provided by Section 502(g) of ERISA; and

9.      Award such other relief as the Court deems just and proper.

Respectfully Submitted,


            /s/ Diana M. Bardes
Diana M. Bardes
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 facsimile
dbardes@mooneygreen.com
Counsel for Plaintiff Funds


Dated: July 22, 2019

**CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)**

I hereby certify that on this 22nd day of July, 2019, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, AUDIT TESTING FEES, ATTORNEYS FEES, AND COSTS was served via certified mail on:

U.S. Department of Labor
Attn: Assistant Solicitor for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002

U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220


                                          /s/  Diana M. Bardes
                                        Diana M. Bardes